# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| JOSHUA AARON BERENDES,<br><br>    Plaintiff,<br><br>vs.<br><br>ATTORNEY JAMES KATCHER, ATTORNEY JULIA STONER, JUDGE JON FISTER, JUDGE GEORGE STIGLER, JUDGE THOMAS BAUER, DEPUTY JAMES JEROME, NURSE BILLY JO,<br><br>    Defendants. | No. C05-2042-LRR<br><br>INITIAL REVIEW ORDER |

## I. INTRODUCTION

  This matter is before the court on the plaintiff's application to proceed in forma pauperis. The plaintiff submitted such application on April 28, 2005. Along with his application, the plaintiff submitted a complaint. On May 24, 2005, the court ordered the plaintiff to submit a certified copy of his inmate account statement. The plaintiff complied with the court's order on June 20, 2005.

  Based on the application and certificate of inmate account, in forma pauperis status shall be granted. 28 U.S.C. § 1915. The Clerk of Court shall file the complaint without the prepayment of the filing fee. The plaintiff shall submit $4.38 as his initial partial filing fee. 28 U.S.C. § 1915(b)(1). In addition, the plaintiff shall submit monthly payments of 20 percent of the preceding month's income credited to his inmate account until the $250.00 filing fee is paid. 28 U.S.C. § 1915(b)(2). *See also* 28 U.S.C. § 1914(a)

(requiring $250.00 filing fee). The agency having custody of the plaintiff shall forward payments from his inmate account to the Clerk of Court each time the amount in the account exceeds $10 until the filing fee is paid. 28 U.S.C. § 1915(b)(2).

## II. THE PLAINTIFF'S COMPLAINT

Currently confined at the Black Hawk County Jail in Waterloo, Iowa, the plaintiff, proceeding pro se, submitted a complaint under 42 U.S.C. § 1983 to redress the alleged deprivation of his constitutional rights. Jurisdiction is predicated on 28 U.S.C. § 1343(a)(3). Under 28 U.S.C. § 1391(b), venue appears proper as the defendants are located in this district and the events giving rise to the instant action occurred in this district.

In his complaint, the plaintiff states:

> On approximately April 10th, Billy Jo refused me medical attention [and] treatment to a severe [migraine] headache, which I suffered [and] cried the whole night in pain till I fell asleep. James Jerome took my mail [and] threw it in the garbage on April 4th and 5th. I confirmed it had been delivered by 3 people [and] when I confronted him about it I was sent to maximum security on April 6th [and] I'm currently still in max due to the incident. Julia Stoner failed to come to court dates stating "I forgot." Lied to me all the time to get me to take a plea bargain. Walked away from me on several occasions due to anger. She was a very ineffective counsel which led to more punishment for me. Held valuable statements from me on my defense. Knew I was in custody and continued to send all documents to my aunt's address. Talked to her 1 time for 3-5 min between [March] 14th till April 4th. Before she withdrew from my case, she stated "I hate punks like you and I hope you go to prison." James Katcher withheld statements from me. Also [pursued] an excessive bond due to me not taking 4 illegal plea bargains. He has also done everything in his power to see I stay

> incarcerated on a faulty facetious charge. [. . .] George L. Stigler lied on an official court document. The order filed April 6th 2005 at 1:39 pm # FECR129917 states on April 4th 2005 I didn't appear personally but by counsel Julia Stoner I appeared. How can that be when she was in Independence (Buchanan County) on that day at that time. [. . .] John Fister held a bond reduction at 2:30 pm on April 11th. Him and Mr. Katcher went to the back. Julia Stoner repeatedly tried to get me to take a 2 yr plea. I refused 4-5 times. She then tore me down verbally. Upon returning, Mr. Fister said due to the defendant not cooperating, I'm leaving the excessive bond as [it] stands. [. . .] Thomas Bauer issued a robbery warrant 15 minutes before the complaint finding probable cause that I committed the crime was filed. He filed the warrant 3-9-05 at 1530 hrs. Complaint was filed 3-9-05 at 1545 hrs. With 2 different dates and times the alleged robbery took place.

In the relief portion of the complaint, the plaintiff states:

> I want the court to seek "fair" "justice" [and] "[accommodate]" me for all the things as follows. Pain and suffering, emotional distress, false incarceration, amendment violations, due process violations, exceeding authority, legal malpractice, ineffective counsel, refusing medical treatment, withholding evidence, obstructing justice, [suborning] perjury, malicious prosecution, withholding information, throwing mail in the garbage not once but twice. I want justice for all wrong doings done to me.

### III. DISCUSSION

#### A. Standard of Review

A pro se complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994). A court, however, can dismiss at any time a

3

complaint filed in forma pauperis if the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1). A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). Accordingly, a court may review the complaint and dismiss sua sponte those claims that are premised on meritless legal theories or that clearly lack any factual basis. *See id. See also Denton v. Hernandez*, 504 U.S. 25, 27, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992).

### B. Overview of Civil Rights Claims Under 42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617, 99 S. Ct. 1905, 60 L. Ed. 2d 508 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*,

441 U.S. at 617. Rather, 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983. *See also Albright*, 510 U.S. at 271 (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred"); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4, 100 S. Ct. 2502, 65 L. Ed. 2d 555 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).

### C. Claims Asserted by the Plaintiff Against Defendants Katcher, Stoner, Fister, Stigler and Bauer

In *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973), the Supreme Court delineated what constitutes a habeas corpus action as opposed to a 42 U.S.C. § 1983 claim. The plaintiff's label of his action cannot be controlling. *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (citing *Preiser*, 411 at 489-90). If a plaintiff is challenging the validity of his conviction or the duration of his incarceration and seeking a determination that he is entitled to immediate or speedier release, a writ of habeas corpus is the only federal remedy available. *Preiser*, 411 U.S. at 500; *Otey v. Hopkins*, 5 F.3d 1125, 1131 (8th Cir. 1993). It is the substance of the relief sought which counts. *Kruger,* 77 F.3d at 1073.

In this 42 U.S.C. § 1983 action, the plain language of the complaint demonstrates the plaintiff is challenging the validity of his confinement or the validity of the criminal proceedings commenced against him. Given the statements the plaintiff makes in his

5

complaint, it is clear the plaintiff is dissatisfied with the individuals involved in and the results of his state criminal case. *See State v. Berendes*, FECR129917 (Black Hawk County Dist. Ct. 2005).[1] The relief sought by the plaintiff is not available in a 42 U.S.C. § 1983 action; the plaintiff is unable to indirectly challenge his confinement by commencing a 42 U.S.C. § 1983 action. Moreover, when seeking damages for unlawful confinement, a 42 U.S.C. § 1983 cause of action does not arise until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal . . ., or called into question by the issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486, 114 S. Ct. 2364, 129 L. Ed.2d 383 (1994). Thus, the plaintiff's claims under 42 U.S.C. § 1983 and against Defendants Katcher, Stoner, Fister, Stigler and Bauer shall be dismissed.[2] Even if the plaintiff brought

---

[1] Iowa state court criminal and civil records may be accessed at the following address: www.judicial.state.ia.us/online_records/.

[2] The court notes Defendants Fister, Stigler and Bauer are entitled to absolute immunity because a judge, performing judicial functions, enjoys absolute immunity from 42 U.S.C. § 1983 liability. *Pierson v. Ray*, 386 U.S. 547, 554-55, 87 S. Ct. 1213, 18 L. Ed. 2d 288 (1967). *See also Whisman v. Rinehart*, 119 F.3d 1303, 1309 (8th Cir. 1997) (discussing judicial immunity in the context of a 42 U.S.C. § 1983 claim and quoting *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994)); *Callahan v. Rendlen*, 806 F.2d 795, 796 (8th Cir. 1996) ("Judicial immunity protects a judicial officer form civil suits seeking money damages, including those suits initiated under 42 U.S.C. § 1983."). Similarly, defendant Katcher is entitled to absolute immunity because a prosecutor is entitled to absolute immunity from a suit for damages "under 42 U.S.C. § 1983 for [his or her] conduct in 'initiating a prosecution and in presenting the State's case,' insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" *Burns v. Reed*, 500 U.S. 478, 486, 111 S. Ct. 1934, 114 L. Ed. 2d 547 (1991) (quoting *Imbler*, 424 U.S. at 430-31). *See also Patterson v. Von Riesen*, 999 F.2d 1235, 1237 (8th Cir. 1993) (prosecutor is immune from civil rights claims that are based on actions taken in the performance of their prosecutorial duties); *Snelling v. Westhof*, 972 F.2d 199, 200

(continued...)

6

an action for habeas corpus relief under 28 U.S.C. § 2254, the court would be obligated to dismiss it because the plaintiff failed to meet the exhaustion requirements of 28 U.S.C. § 2254(b)(1).

**D. Claim Asserted by the Plaintiff Against Defendants Jerome and Billy Jo**

The court is unable to determine as a matter of law whether the plaintiff's claims against Defendants Jerome and Billy Jo are frivolous within the meaning of 28 U.S.C. § 1915A. Consequently, the court is of the opinion that the matter is best addressed after receipt of an answer and/or any dispositive motion deemed appropriate. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831, 104 L. Ed. 2d 338 (1989); *Money v. Moore*, 877 F.2d 9, 10 (8th Cir. 1989). The Clerk of Court shall serve the complaint on Defendants Jerome and Billy Jo and mail a copy of the complaint to the Black Hawk County Attorney without the prepayment of fees and costs. A copy of this order is to accompany the documents being served. The Black Hawk County Attorney shall notify the court immediately if he lacks the consent of Defendants Jerome and Billy Jo to appear generally on their behalf and submit to the jurisdiction of the court. Defendants Jerome and Billy Jo shall file an answer or other dispositive motion by no later than September 26, 2005.

**IT IS THEREFORE ORDERED**:

1) The plaintiff's application to proceed in forma pauperis is granted.
2) The Clerk of Court is directed to file the complaint without the prepayment of the filing fee.

---

²(…continued)
(8th Cir. 1992) (same).

3) The agency having custody of the plaintiff is directed to submit $4.38 as his initial partial filing fee and to submit monthly payments of 20 percent of the preceding month's income credited to his inmate account until the $250.00 filing fee is paid.

4) Defendants Katcher, Stoner, Fister, Stigler, and Bauer are dismissed from this action.

5) The Clerk of Court is directed to serve the complaint on Defendants Jerome and Billy Jo and mail a copy of the complaint to the Black Hawk County Attorney without the prepayment of fees and costs. A copy of this order is to accompany the documents being served.

6) The Black Hawk County Attorney is directed to notify the court immediately if he lacks the consent of Defendants Jerome and Billy Jo to appear generally on their behalf and submit to the jurisdiction of the court.

7) Defendants Jerome and Billy Jo are directed to file an answer or other dispositive motion by no later than September 26, 2005.

**DATED** this 25th day of August, 2005.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

TO:  WARDEN/ADMINISTRATOR
     Black Hawk County Jail, Waterloo, Iowa

## NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that Joshua Aaron Berendes, #00082902, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Berendes v. Katcher, et al.*, Case No. C05-2042-LRR. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $250.00 filing fee. Based on the prisoner account information, the court has assessed an initial partial filing fee of $4.38, which the inmate must pay now to the Clerk of Court. 28 U.S.C. § 1915(b)(1).

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). If the inmate currently does not have sufficient funds to pay the initial partial filing fee, you must monitor the account and send payments to the Clerk of Court according to the system provided in 28 U.S.C. § 1915(b)(2).

Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

/s/ Mary Jehle (Deputy) on 8/25/05

_____
Pridgen J. Watkins
U.S. District Court Clerk
Northern District of Iowa

# NOTICE OF LAWSUIT
# and REQUEST FOR
# WAIVER OF SERVICE OF SUMMONS

<u>TO THE NAMED DEFENDANT(S) IN THE FOLLOWING CAPTIONED ACTION:</u>

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | |
|---|---|
| JOSHUA AARON BERENDES,<br><br>   Plaintiff,<br><br>vs.<br><br>ATTORNEY JAMES KATCHER, ATTORNEY JULIA STONER, JUDGE JON FISTER, JUDGE GEORGE STIGLER, JUDGE THOMAS BAUER, DEPUTY JAMES JEROME, NURSE BILLY JO,<br><br>   Defendants. | No. C05-2042-LRR<br><br>INITIAL REVIEW ORDER |

   A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint and a copy of the corresponding order from this court are attached. This complaint has been filed in the United States District Court for the Northern District of Iowa.

   Pursuant to Rule 4 of the Federal Rules of Civil Procedure, you have an obligation to cooperate in saving unnecessary costs of service of summons and complaint. Please sign the enclosed document where appropriate acknowledging receipt of the complaint and notice of this pending lawsuit and waiving formal service of summons. After signing the enclosed document, please return it to the United States XX~~Marshal~~ Clerk in the envelope provided within thirty (30) days of this date: __8/25/05__.

   I affirm that this notice and request for waiver of service of summons is being sent to you on behalf of the plaintiff, this __25th__ day of __August__, 2005.

/s/ Mary Jehle
Signature (Clerk's Office Official)
Northern District of Iowa

## ACKNOWLEDGMENT OF RECEIPT OF
## NOTICE OF LAWSUIT,
## and WAIVER OF SERVICE OF SUMMONS

(**Return **this** document within thirty days after _____, to the United States Marshal in the envelope provided.)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**EASTERN DIVISION**

| | |
|---|---|
| JOSHUA AARON BERENDES,<br><br>    Plaintiff,<br><br>vs.<br><br>ATTORNEY JAMES KATCHER, ATTORNEY JULIA STONER, JUDGE JON FISTER, JUDGE GEORGE STIGLER, JUDGE THOMAS BAUER, DEPUTY JAMES JEROME, NURSE BILLY JO,<br><br>    Defendants. | No. C05-2042-LRR<br><br>INITIAL REVIEW ORDER |

    I acknowledge receipt of the complaint and notice of the lawsuit in which I (or the entity on whose behalf I am addressed) have been named a defendant. I have received and/or read the complaint accompanying this document.

    I agree to save the cost of service of a summons and an additional copy of the complaint by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4 of the Federal Rules of Civil Procedure. I hereby waive service of summons.

    I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the service of summons. I understand that a judgment may be entered against me (or the entity on whose behalf I am acting) if an answer or motion under Rule 12 of the Federal Rules of Civil Procedure is not served within 45 days after ____8/25/05____, (the date Notice, Waiver and corresponding documents were sent).

Date _____  Signature _____
                            Printed name _____
                            As _____ of _____
                                (Title)        (Entity)

| | |
|---|---|
| Date _____ | Signature _____ |
| | Printed name _____ |
| | As _____ of _____ |
| | (Title)           (Entity) |
| Date _____ | Signature _____ |
| | Printed name _____ |
| | As _____ of _____ |
| | (Title)           (Entity) |
| Date _____ | Signature _____ |
| | Printed name _____ |
| | As _____ of _____ |
| | (Title)           (Entity) |
| Date _____ | Signature _____ |
| | Printed name _____ |
| | As _____ of _____ |
| | (Title)           (Entity) |
| Date _____ | Signature _____ |
| | Printed name _____ |
| | As _____ of _____ |
| | (Title)           (Entity) |
| Date _____ | Signature _____ |
| | Printed name _____ |
| | As _____ of _____ |
| | (Title)           (Entity) |
| Date _____ | Signature _____ |
| | Printed name _____ |
| | As _____ of _____ |
| | (Title)           (Entity) |
| Date _____ | Signature _____ |
| | Printed name _____ |
| | As _____ of _____ |
| | (Title)           (Entity) |
| Date _____ | Signature _____ |
| | Printed name _____ |
| | As _____ of _____ |
| | (Title)           (Entity) |

# Address Form
[To Be Completed by Deputy Clerk!]

Case Number: C05-2042-LRR                Date: August 25, 2005
To:     Clerk of Court
RE:     Service on Named Defendants

     Below, please find the known (or likely) addresses for the following persons/entities who have been named as defendants to this action:

Defendant:     **DEPUTY JAMES JEROME**
                Black Hawk County Jail
                225 E. 6th Street
                Waterloo, IA 50703


Defendant:     **NURSE BILLY JO**
                Black Hawk County Jail
                225 E. 6th Street
                Waterloo, IA 50703