# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

JOSHUA AARON BERENDES,

    Plaintiff,

vs.

DEPUTY JAMES JEROME,[1]

    Defendant.

No. C05-2042-LRR

ORDER

---

    This matter is before the court on the defendant's motion for summary judgment (Docket No. 15). The defendant filed the instant motion on November 15, 2005. Under Local Rule 56.1(b), the plaintiff's resistance and supporting documents were due on December 9, 2005. To date, the plaintiff has not resisted the defendant's motion for summary judgment.

    Local Rule 56.1 provides:

> If no timely resistance to a motion for summary judgment is filed, the motion may be granted without prior notice from the court. . . .

L.R. 56.1(c). As previously stated, the plaintiff did not file a resistance to the defendant's motion for summary judgment. Indeed, he has not filed a pleading, including an extension of any of the filing deadlines or a notice of change in address, since he filed his complaint.

---

[1] The defendant indicates that the plaintiff misidentified him in his complaint. His name is "Isaac Jerome", not "James Jerome."

Because he never submitted a proper resistance, the plaintiff did not expressly admit, deny or qualify each of the facts set forth in the defendant's statement of material facts filed in support of the motion for summary judgment. *See* L.R. 56.1(a)(2). The plaintiff's failure to file any response to the defendant's statement of material facts constitutes an admission of each of these facts. *See* L.R. 56.1(b)(4). Given the defendant's admission of the facts included in the defendant's statement of material facts and the defendant's failure to come forward with any evidence, the court concludes that the defendant is entitled to summary judgment with respect to all of the plaintiff's claims on purely procedural grounds. See L.R. 56.1(c); Fed. R. Civ. P. 56(e).[2]

Nevertheless, the court may grant the defendant's motion for summary judgment with respect to any of the plaintiff's claims only if the court determines the defendant is entitled to judgment as a matter of law on each claim. *Interstate Power Co. v. Kansas City Power & Light Co.*, 992 F.2d 804, 807 (8th Cir. 1993). The court reviewed the law that is applicable to the plaintiff's claims, the facts that the plaintiff asserts in his complaint, and the defendant's statement of material facts which are deemed admitted by the plaintiff. Based on such review, the court finds the defendant is entitled to judgment as a matter of law with respect to each of the plaintiff's claims under 42 U.S.C. § 1983. The record, even when viewed in the light most favorable to the plaintiff, fails to establish a genuine issue of material fact with regard to whether: (1) the plaintiff sufficiently pleaded and proved that any state remedies for addressing his alleged loss of property are inadequate;

---

[2] Federal Rule of Civil Procedure 56(e) provides, ". . . When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."

(2) the plaintiff complied with 42 U.S.C. § 1997e(a) which requires him to exhaust his administrative remedies; (3) the plaintiff's sole remedy is habeas relief pursuant to 28 U.S.C. § 2254 because he is challenging the very fact or duration of his confinement and he is seeking a speedier release; and (4) the defendant ever misappropriated, damaged or destroyed any of the plaintiff's property or took any unlawful action against the plaintiff. Clearly, the undisputed material facts in the instant case show that the defendant is entitled to judgment as a matter of law on each of the grounds set forth above.

**IT IS THEREFORE ORDERED:**

1. The defendant's motion for summary judgment (Docket No. 15) is GRANTED.
2. Plaintiff's claims against the defendant are DISMISSED with prejudice. The Clerk of Court is directed to enter judgment in favor of the defendant.

**DATED** this 20th day of December, 2005.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA